■ In the Matter of SCOTT ZARETZKY, Petitioner, v MICHAEL J. HOBLOCK, JR., as Chair of the New York State Racing and Wagering Board, et al., Respondents. [717 NYS2d 153] —Determination of respondent New York State Racing and Wagering Board, dated June 23, 1999, which suspended petitioner's harness racing license for 30 days, upon a finding that he violated 9 NYCRR 4120.6 (a) (1), prohibiting persons other than veterinarians from having or possessing hypodermic injection

devices on the premises of a licensed harness race track, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to the Court by order of the Supreme Court, New York County [Carol Huff, J.], entered on or about October 28, 1999), dismissed, without costs.

Respondent's determination is supported by substantial evidence. The high burden of proof applicable in criminal cases of "possession" is inapplicable here, where the pertinent regulation speaks in broader terms of "have or possess." No basis exists to disturb the Hearing Officer's credibility determinations, rejecting petitioner's claim that the two syringes with attached needles found in a brown paper bag in his tack room must have been left there by a veterinarian or other person who had entered his unlocked tack room. Although the track's management, in apparent violation of a rule requiring it to take "all practicable measures" to prevent unlicenced persons from entering the stable and certain other areas of the track (9 NYCRR 4101.24 [j]), failed to completely fence in the track, thus allowing unauthorized members of the public to enter the stable area, no basis exists to disturb respondent's finding that any such violation did not excuse petitioner from his obligation to secure his own tack room and tack boxes, which petitioner conceded he deliberately decided not to lock. To the extent petitioner made an issue of the fact that the latch on his tack room was broken, he essentially admitted that the raceway's maintenance crew could have repaired it. Concur—Mazzarelli, J. P., Wallach, Andrias, Saxe and Buckley, JJ.